UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHADWICK MICHAEL CARTIER,**

      Plaintiff,               CIVIL ACTION NO. 10-14857

  v.                            DISTRICT JUDGE ROBERT H. CLELAND

                                  MAGISTRATE JUDGE MONA K. MAJZOUB

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      Defendant.
_____/

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

<u>**RECOMMENDATION**</u>: The instant Complaint seeking judicial review of the Commissioner's decision to deny Social Security disability benefits should be dismissed for lack of progress, pursuant to Rule 41.2 of the Local Court Rules.

                            \*     \*     \*

      This is a case seeking review of a final decision of Defendant, Commissioner of Social Security, denying Plaintiff's application for benefits.  On March 15, 2011, this Court issued a scheduling order requiring Plaintiff to file his motion for summary judgment on or before April 13, 2011.  (Docket no. 8).  The Order was served on the parties the same day.  Plaintiff did not file a Motion for Summary Judgment and did not make any attempt to seek an extension.  On April 21, 2011, the Court issued Order To Show Cause for Plaintiff to respond in writing on or before May 6, 2011 and explain why he failed to comply with the scheduling order, or, in the alternative, file his Motion for Summary Judgment on or before May 6, 2011.  (Docket no. 10).  Plaintiff was notified that the

"[f]ailure to respond in writing to this Order to Show Cause in this matter by May 6, 2011 may result in the dismissal of Plaintiff's case." (Docket no. 10). Again, the Order was served on Plaintiff and Defendant's counsel of record.

When Plaintiff failed to respond to the show cause order, the Court issued a second Order To Show Cause for Plaintiff to respond in writing on or before August 1, 2011, and explain why he failed to comply with or respond in any manner to the Court's previous orders. (Docket no. 11). Plaintiff was again notified that the "[f]ailure to respond in writing to this Order to Show Cause in this matter by August 1, 2011 may result in the dismissal of Plaintiff's case." (Docket no. 11). The Order was served on Plaintiff and Defendant's counsel of record.

To date, Plaintiff has not responded to the Court's two show cause orders. Plaintiff has filed nothing with the Court since his initial Complaint and Application to Proceed In Forma Pauperis (Docket nos, 1, 2). Under Fed. R. Civ. P. 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. See also E.D. Mich. LR 41.2 ("when it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown."). Accordingly, the Court recommends the instant complaint be dismissed for failure to prosecute or comply with an order.

**REVIEW OF REPORT AND RECOMMENDATION**

2

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

3

DATED: August 16, 2011            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE.


                            PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Chadwick Michael Cartier and Counsel of Record on this date.

Dated: August 16, 2011             s/ Lisa C. Bartlett
                                   Case Manager

4